IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RUSSELL ANTONIO THOMAS                                      PETITIONER

VERSUS                              CIVIL ACTION NO. 1:09-cv-35-HSO-JMR

REGINA HANCOCK                                              RESPONDENT

## MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This cause comes before the Court on Petitioner Russell Antonio Thomas' Objection [22] to the Report and Recommendation [21] of Chief United States Magistrate Judge John M. Roper entered in this cause on January 11, 2011. Magistrate Judge Roper reviewed Petitioner Russell Antonio Thomas' Petition [1] for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and related pleadings, and determined that the Petition [1] should be denied.  Report and Recommendation [21] at p. 22.  After review of the record, the Court, being fully advised in the premises, finds that Petitioner's Objection should be overruled, and that said Report and Recommendation [21] should be adopted as the opinion of this Court.

## I.  BACKGROUND

Because Petitioner has filed an Objection [22] to the Magistrate's Report and Recommendation, the Court applies a *de novo* standard of review to those proposed findings and recommendations to which an objection is made.  *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.  Much of Petitioner's Objection is a rehashing of facts

presented in his Petition.  To the extent that new or additional factual allegations are raised, the Court will address them below.  Based on the Court's review, it finds that the Magistrate Judge's Proposed Findings of Fact and Recommendation is well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards.  For the reasons discussed in more detail below, the Court will overrule Petitioner's Objection, and adopt the Magistrate Judge's Report and Recommendation as the opinion of this Court.

Petitioner has asserted six grounds for relief in his Petition:  (1) whether the trial court erred in giving jury instructions S-1 and S-3; (2) whether the trial court abused its discretion in giving jury instructions and allowing certain evidence; (3) whether the evidence provided by the State was sufficient to support the verdicts; (4) whether or not Petitioner was denied a fair trial by prosecutorial misconduct; (5) whether Petitioner was denied effective assistance of counsel; and (6) the testimony of the State's witnesses was inconsistent and not worthy of belief.  The Magistrate Judge found none of these grounds meritorious.

## II.  DISCUSSION

A.    Petitioner's Request for an Evidentiary Hearing

Petitioner objects to the Magistrate Judge's finding that he is not entitled to an evidentiary hearing in this Court.  Obj.  at pp. 2-4.  The Magistrate Judge looked to 28 U.S.C. § 2254(e)(2), and the Court's discretion, to determine whether to conduct an evidentiary hearing.  Report and Recommendation, at pp. 2-3.  Petitioner contends that he is entitled to an evidentiary hearing "because of the

erroneous ruling(s) in the State court; . . . and because the claims [sic] involves

disputed questions of law and fact; . . ." Obj. at p. 4. The Court is not persuaded by

this contention.

The Fifth Circuit Court of Appeals has recently explained that

> [u]nder AEDPA, requests for evidentiary hearings are to be evaluated
> under the provisions of subsection 28 U.S.C. § 2254(e)(2). Where the
> habeas petitioner has failed to develop the factual basis of his claim due
> to his lack of diligence, he is only entitled to an evidentiary hearing if the
> applicant can show (1) that his claim relies on "a new rule of
> constitutional law, made retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable" or "a factual predicate
> that could not have been previously discovered through the exercise of
> due diligence," and (2) the facts underlying the claim are "sufficient to
> establish by clear and convincing evidence that but for constitutional
> error, no reasonable fact finder would have found the applicant guilty of
> the underlying offense." 28 U.S.C. § 2254(e)(2). These exceptions,
> however, are only applicable when the failure to develop the factual basis
> is a result of the petitioner's lack of diligence. *Murphy v. Johnson*, 205
> F.3d 809, 815 (5th Cir. 2000); [*McDonald v. Johnson*, 139 F.3d 1056, 1059
> (5th Cir. 1998)]. Where the failure to develop the factual basis of the
> claim in state court is not due to the petitioner's actions, the district court
> retains discretion over the decision to grant an evidentiary hearing.
> *Murphy*, 205 F.3d at 815; *McDonald*, 139 F.3d at 1059-60.

*Woods v. Thaler,* 299 F. App'x 884, 898 (5th Cir. 2010).

> "[O]vercoming the narrow restriction of § 2254(e)(2) does not guarantee
> a petitioner an evidentiary hearing, it merely opens the door for one."
> The district court still retains discretion to grant or to deny an
> evidentiary hearing under Rule 8 of the Rules Governing Section 2254
> cases. To obtain a hearing, [a petitioner] would have "to show either a
> factual dispute which, if resolved in his favor, would entitle him to relief
> or a factual dispute that would require development in order to assess a
> claim."

*Shields v. Dretke*, 122 F. App'x 133, 155 (5th Cir. 2005) (internal citations omitted).

Upon review of the record and Petitioner's argument, the Court disagrees

that an evidentiary hearing is warranted in this case. The Court has sufficient

facts before it to make an informed decision on the merits of Petitioner's claim. *See id.* ("where a district court has before it sufficient facts to make an informed decision regarding the merits of a claim, a district court does not abuse its discretion in refusing to grant an evidentiary hearing . . . ."). Moreover, "conclusional and unsupported allegations do not entitle a habeas petitioner to an evidentiary hearing." *Id.* (citing *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000)). Petitioner has not pointed the Court to any evidence creating a factual dispute which would warrant the relief he requests. Therefore, the Court will accept the Magistrate Judge's determination that Petitioner is not entitled to an evidentiary hearing in this Court.

B.    Petitioner's Grounds 1, 2,3, 4, 5, and 6

1.    Grounds 1 and 6

In objecting to Grounds 1 and 6, Petitioner essentially reiterates those arguments advanced in his Petition. The Court notes, however, that Petitioner alleges for the first time pursuant to Ground 6 that Jacqueline Griffith's trial testimony concerning her observations of the victim's injuries should have been excluded as hearsay. Testimony concerning personal observations is not hearsay pursuant to Federal Rule of Evidence 801(c). *United States v. Potwin*, 136 F. App'x 609, 612 (5th Cir. 2005). The Court adopts the Magistrate Judge's findings on grounds 1 and 6.

2.    Grounds 2 and 3

With respect to Grounds 2 and 3, Petitioner argues that the trial court erred

in allowing certain evidence at the trial, and that other evidence was insufficient to convict him of armed robbery and burglary. "The test applied to determine whether a trial error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). Similarly,

> [i]n a federal habeas corpus proceeding when a defendant contends that the evidence produced in a state court trial is insufficient to sustain a conviction, the proper standard of review is whether any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt.

*Bujol v. Cain*, 713 F.2d 112, 114 (5th Cir. 1983) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). As the Magistrate Judge found, the uncontested and uncontradicted evidence in the record was sufficient to find Petitioner guilty of the crimes of which he was convicted. This Court concurs that habeas relief is not warranted on these grounds.

3.    Ground 4

As for Ground 4, Petitioner alleges that he was denied a fair trial due to prosecutorial misconduct. The Magistrate Judge found that Petitioner did not offer any proof of prosecutorial misconduct, and that his assertions were baseless and without merit. Petitioner's Objection fails to point to any evidence in support of his claim, but instead invites the Court to "review the entire record of this case" so to "grasp the full impact of the prosecutorial misconduct." Obj. at p. 11. However, it is Petitioner's burden to show evidence of prosecutorial misconduct. *See, e.g., Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997) (summarizing the burden of proof to

establish a due process violation based on the State's knowing use of false or misleading evidence).  Having not proffered any evidence of prosecutorial misconduct, Petitioner has failed to carry his burden.  The Court will overrule the Objection on this point.

      4.    <u>Ground 5</u>

Here, Petitioner raises his various accounts of the purported ineffective assistance of his counsel.  In reviewing an ineffective assistance of counsel claim, the federal habeas court must determine whether the state court's application of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), was unreasonable.  *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).  This is different than determining whether the defense counsel's performance fell below *Strickland*'s standard.  *Id.* (distinguishing an unreasonable application of federal law, from an incorrect application of federal law).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id.* at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The United States Supreme Court has held that,

> [u]nder § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Id.*

To be entitled to relief from the Mississippi Supreme Court, Petitioner "had

to show both that his counsel provided deficient assistance and that there was prejudice as a result." *Id.* The United States Supreme Court has explained that,

> [t]o establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.*, at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*, at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S.Ct. 2052.

> "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

>Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 787-88.

In this case, the Mississippi Supreme Court determined that Petitioner's ineffective assistance of counsel claims did not pass the *Strickland* standard. *Russell Antonio Thomas v. State of Mississippi*, 2007-KA-01031-SCT (Miss. Oct. 30, 2008). This Court is persuaded that because there are reasonable arguments that Petitioner's counsel satisfied *Strickland*'s deferential standard, the state court's application of *Strickland* was not unreasonable. *Harrington*, 131 S. Ct. at 788. Moreover, the Court is not persuaded that prejudice under *Strickland* should be presumed, as Petitioner urges. In order for the presumption of prejudice to apply, Petitioner must show that his attorney completely failed to challenge the prosecution's case, not just individual elements of it.[1] *Haynes v. Cain*, 298 F.3d 375, 380-81 (5th Cir. 2002). Upon a review of the record, a presumption of prejudice is

---

[1] A presumption of prejudice may apply in two other situations not relevant here. "First are situations in which a petitioner is denied counsel at a critical stage of a criminal proceeding." *Haynes*, 298 F.3d at 380. Prejudice is also presumed "when the circumstances surrounding a trial prevent a petitioner's attorney from rendering effective assistance of counsel." *Id.*

not appropriate here.

       5.    <u>Petitioner's New Grounds</u>

Finally, for the first time in this proceeding, Petitioner raises in his Objection, as a factual basis for his ineffective assistance of counsel claim, his attorney's failure to learn of exculpatory evidence that was readily available. Obj. at p. 11. Petitioner does not identify which evidence he believes to be exculpatory. To the extent such exculpatory evidence refers to Petitioner's allegation that his attorney failed to investigate and subpoena certain witnesses, the Court does not find a due process violation for those reasons already stated by the Magistrate Judge. Consequently, the Court will overrule this objection.

## III. <u>CONCLUSION</u>

For the reasons stated herein, the Court will overrule Petitioner's Objection [22] and adopt the Magistrate Judge's Proposed Findings of Fact and Recommendation [21] as the opinion of this Court. Petitioner Russell Antonio Thomas' Petition [1] for Writ of Habeas Corpus will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner's Objection [22] filed in this cause on January 31, 2011, should be, and hereby is, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Proposed Findings of Fact and Recommendation [21] of Chief Magistrate Judge John M. Roper, entered on January 11, 2011, should be, and hereby is, adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Petition [1] for Writ of Habeas Corpus filed by Petitioner Russell Antonio Thomas, pursuant to 28 U.S.C. § 2254, should be and hereby is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered herein in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of August, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-10-